### IN THE MATTER OF JOHN KING'S WILL.

A bond, on appeal from a decree of the surrogate, admitting a will to probate, must be signed by the appellant as well as his sureties.

Such a bond is amendable, but only on application to the surrogate or circuit judge, and even then is not good unless the sureties are approved.

THIS was an appeal from a decree of the surrogate of New York refusing to admit to probate a paper, propounded as the last will and testament of John King, deceased.

*P. Reynolds*, for respondents, moved to dismiss the appeal for irregularity.

The decree of the surrogate was entered as of the 12th of September, 1845. And, on the 10th of December following, the appellants filed with the surrogate a notice of appeal and a bond not signed by themselves, but executed only by their sureties, which were duly approved on that day by the surrogate.

In the matter of John King's Will.

*C. B. Moore*, for appellants, read an affidavit claiming that though the decree bore date the 12th of September, yet that it was not made till after that day, and was not entered until some time after the 17th of September, though he had not been able to ascertain the precise time of making or entering, and setting forth that on the 10th of December the appellants filed with the surrogate another bond, executed by themselves and the same sureties, and he insisted —

1. That the first bond was good, though not executed by the appellants.

2. That the second bond was filed in due season.

3. That the bond was amendable, and had been, in fact, amended. He cited 2 R. S. 459, §§ 33, 34; *Potter* v. *Baker*, 4 Paige, 290; *Van Slyck* v. *Schenck*, 10 id. 302; *Whitney* v. *Belville*, 4 id. 140; 2 R. S. 261, § 204; *Ex parte Chester*, 4 Cow. 80; *Ex parte Van Hoesen*, id. 507; *Tompkins* v. *Curtiss*, 3 id. 281; *People* v. *Dutchess*, 5 id. 34.

*D. D. Field*, *contra*, insisted —

1. That the appeal was invalid, because a bond executed by the appellants had not been filed within three months.

2. That the bond was not amendable, and if it was it had not been amended agreeably to the statute, as no amendment had been allowed either by the surrogate or applied for by the obligors. He cited 2 R. S. 10, § 56; id. 504, § 90; *Eldridge* v. *Howell*, 4 Paige, 457; *N. A. Coal Co.* v. *Dyett*, id. 273; 2 R. S. 605, § 18; Laws of 1824, 295, § 36; *Ex parte Brooks*, 7 Cow. 428; *Bartles* v. *Brown*, 7 Paige, 245; *Caldwell* v. *Albany*, 9 id. 572.

*The Circuit Judge:* In order to render such an appeal valid, the statute requires that a bond shall be executed by the appellants with sureties, to be approved by the surrogate and be filed with him within three months of the time of making and entering the decree appealed from. (2 R. S. 10, § 56; id. 504, § 90.)

The first bond is defective because not executed by the

appellants. The second bond does not mend the matter, because not filed within the required time. I must regard the decree as evidence of the time when it was made and entered, not conclusive, perhaps, for the appellants might be allowed to show a mistake in that regard, and when it was actually entered. But that is not shown in this case; the affidavit merely discloses a probability that it may have been made and entered a few days later than its date, but that probability is not enough to overcome the explicit evidence derived from the decree itself.

A more important question is, has the bond been amended, or, can it be?

If it can be amended, it can only be so on the application of the obligors and by the direction of the surrogate or circuit judge. No such application has been made, nor have either of those officers been called upon to pass upon such an application. To allow the second bond to be regarded as such amendment would be to give the parties the right to amend at pleasure, without the consent of the obligors and without the interposition of the proper tribunal. This power has not been given by the statute, and it will not do so to construe it as to take away from this matter the salutary supervision which the statute has itself provided.

Besides, the second bond has not been approved, and to regard that as the true one given on this appeal would be to remove another safeguard to the rights of parties which the statute has provided, namely, the supervision of the surrogate over the sufficiency of a bond taken in the absence of the party for whose benefit it is executed.

But I am inclined to think that the bond may be amended. I will not, however, now pass upon that question, because the appellants are not in a situation to present it to me. I will, therefore, reserve my decission on this motion to dismiss the appeal, until they can have an opportunity of making a proper application to me or to the surrogate, as they shall be advised, for leave to amend the bond.